Argued and submitted May 12, reversed and
remanded August 4, reconsideration denied September 16,
petition for review denied October 5, 1982 (293 Or 635)

FRANCIS,
*Appellant,*
*v.*
FARNHAM et al,
*Respondents.*

(No. 215 245, CA A23642)

648 P2d 1349

Jeffrey L. Kleinman, Portland, argued the cause for appellant. With him on the brief were Michael P. Opton and Opton & Galton, Portland.

Margaret Lieberan, Portland, argued the cause for respondents Janet Farnham and Robert Farnham. With her on the brief was Mitchell, Lang & Smith, Portland.

No appearance for respondent Teresa Lynn Farnham.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff brought this action seeking to hold defendants Robert and Janet Farnham (Farnhams) liable pursuant to ORS 30.765 for damages caused by their unemancipated minor daughter, Teresa, while she was driving plaintiff's car without his permission. The trial court granted summary judgment in favor of the Farnhams. Plaintiff appeals. We reverse.

The summary judgment was granted on the basis of the pleadings alone. Plaintiff's complaint alleges in pertinent part:

"* * * [D]efendant Teresa Lynn Farnham intentionally took control of plaintiff's vehicle, driving it away without plaintiff's permission or knowledge.

"* * * * *

"After taking control of plaintiff's vehicle, defendant Teresa Lynn Farnham drove it off the pavement and collided with a private residence * * *.

"As a result of said acts of defendant Teresa Lynn Farnham, plaintiff's vehicle was substantially destroyed. * * *"

ORS 30.765 provides:

"(1) In addition to any other remedy provided by law, the parent or parents of an unemancipated minor child shall be liable for actual damages to person or property caused by any tort intentionally committed by such child. * * *

"* * * * * *"

The Farnhams' motion for summary judgment was based on the fact that the complaint does not allege that Teresa *intentionally damaged* the car, but only that she *intentionally took control of* the car.

In *Mustola v. Toddy,* 253 Or 658, 456 P2d 1004 (1969), the Supreme Court adopted the definition of the tort of conversion offered by the Restatement (Second) of Torts, § 222A at 431 (1965):

"(1)  Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

"(2)   In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

"(a)   the extent and duration of the actor's exercise of dominion or control;

"(b)   the actor's intent to assert a right in fact inconsistent with the other's right of control; *

"(c)   the actor's good faith;

"(d)   the extent and duration of the resulting interference with the other's right of control;

"(e)   the harm done to the chattel;

"(f)   the inconvenience and expense caused to the other."

Plaintiff's complaint adequately alleges that Teresa committed the tort of conversion. Conversion requires an intentional exercise of dominion or control. Restatement (Second) of Torts, § 222A, § 223, *comment b,* § 224 (1965). It is not necessary for the tort of conversion that harm done to the chattel be done intentionally. In fact, purely accidental harm to a chattel may constitute a conversion if the actor has intentionally exercised dominion or control over that chattel. *Comment d,* to Restatement § 222A provides examples:

"* * * * *

"25.   A rents an automobile to B to drive to X City and return. In violation of the agreement, B drives to Y City, ten miles beyond X City. No harm is done to the car. This is not a conversion.

"26.   The same facts as in Illustration 25, except that while the car is in Y City it is seriously damaged in a collision, with or without negligence on the part of B. This is a conversion."

■      Having determined that the complaint alleges a tort, the only remaining question is whether the tort is such as *to create liability for these defendants* under ORS 30.765. Defendants argue that the word "intentionally" in the statute requires that, before they can be liable, their child must have *intentionally caused the damage* complained of. We reject this reading. The word "intentionally" modifies "committed," which verb refers to the *tort,* not the *damage.* The child's intentional taking of the automobile as alleged here was a tortious act. We therefore conclude that the intentional use of the automobile, even without

intent to damage it, is sufficient to bring the complaint within the terms of ORS 30.765 and that the granting of summary judgment in favor of the Farnhams was erroneous.

Reversed and remanded.